STEPHEN S. MARSHALL, APPELLANT, v. MARIA McGEE
AND OTHERS, DEFENDANTS.

DANIEL HURLEY, RESPONDENT.

*Motion to vacate a judgment because of fraud — when it may be made by one not a
party to it — when the application need not be made within two years from the filing
of the judgment-roll — Code of Civil Procedure, sec. 1290.*

March 7, 1872, the plaintiff assigned a bond and mortgage for $450, owned by
him, to his aunt Mary Sherwood, and received from her the amount due
thereon. He did not record the assignment until November 27, 1875. In
July, 1874, the plaintiff commenced an action in his own name, and without
the knowledge of Miss Sherwood, to foreclose the mortgage, and procured
therein a judgment under which the premises were sold in August, 1879, to
the plaintiff's attorney for $360, being just the amount due to him for his costs.
In October, 1883, Miss Sherwood assigned the bond and mortgage to one
Hurley, who thereafter moved for an order setting aside the decree of fore-
closure and sale, and permitting the plaintiff to amend his complaint so as to
make Hurley a party to the action. The plaintiff opposed the motion, upon
the ground that in foreclosing the mortgage he had acted with the consent and
approval of a brother of Miss Sherwood, Miss Sherwood being of feeble mind
and incapable of acting alone, and that he had assigned the bond and mortgage
to her as collateral to a loan made by her to him:
*Held,* that the court properly granted the order sought for.
That the motion was not an application to set aside a judgment for "error in
fact not arising upon the trial," within the meaning of those terms as used in
section 1290 of the Code of Civil Procedure, and was not barred by the fact
that more than two years had elapsed since the judgment-roll was filed.

APPEAL from an order made at Special Term, setting aside for
fraud the decree of foreclosure and sale entered in the above entitled
action and permitting the plaintiff to amend his complaint so as to
make Daniel Hurley a party to the action.

In 1872 Stephen S. Marshall, the plaintiff, made to Miss Mary Sher-
wood an assignment, absolute upon its face, of a mortgage of $450;
Marshall retained in his possession the said assignment, and did not
record the same until 1875. In 1874 Marshall commenced, in his
own name, an action for the foreclosure of said mortgage, neither
making Miss Sherwood a party nor giving her notice of the action.

In 1878, three years after the entry of the decree of foreclosure and
sale, for and in consideration of professional service to him rendered,

he assigned in payment of the same the decree to Isaiah T. Williams. Williams being substituted as attorney for the plaintiff, procured an order of resale to be entered, in pursuance of which the premises were sold to said Williams for the sum of $360. In October, 1883, Miss Sherwood, for a valuable consideration, duly assigned the mortgage to Daniel Hurley, who, by the order above mentioned, has been permitted to defend the foreclosure suit.

Marshall in his affidavit, upon its face averred that there was a secret arrangement with a person whom he asserted was the agent of Miss Sherwood, but who is now dead, to the effect that the said assignment was merely to be collateral security for a loan of $450, the full amount of the mortgage, and that the assignment to Miss Sherwood was not intended to be recorded, although he confessed that the assignment was actually recorded shortly after the entry of the foreclosure decree, claiming that the bond and mortgage had been assigned as collateral to a loan made to him by Miss Sherwood, and that it was not intended that the assignment should be recorded. He also claimed that Miss Sherwood, by reason of her infirmity of mind, was not conscious of the act she was doing when she assigned said mortgage to said Hurley, and that he believed it was fraudulently obtained.

*I. T. Williams*, for the appellant.

*W. H. Van Cott*, for the respondent.

BARNARD, P. J.:

The issue made by Hurley with the plaintiff is one for a court or jury. On the 7th March, 1872, the plaintiff, who was then the owner of a bond and mortgage for $450, assigned the same to one Mary Sherwood. Miss Sherwood then paid the amount of the mortgage to the plaintiff. The plaintiff was her nephew and did not record the assignment until the 27th November, 1875. In February, 1874, the plaintiff commenced a foreclosure in his own name, as plaintiff, and without the knowledge, as is alleged, of Miss Sherwood, which resulted in a sale by judicial decree in August, 1879, and in a purchase of the property by plaintiff's attorney for $360, being the precise amount of his costs in the action. The plaintiff, in his opposing affidavits, testified that the mortgage

was assigned by him as collateral security to a loan by Miss Sherwood to him for $450, and that she is a feeble minded and old lady who acted by her brother, who directed or assented to the foreclosure in plaintiff's name upon the understanding that the loan was to be repaid out of the money realized from the sale. This brother is dead and the case stands therefore upon the affidavits of Marshall alone. He admits making the assignment and receiving the money. He admits keeping the papers, and that he did not record the assignment. Miss Sherwood subsequently assigned the mortgage to Hurley and he has a right to a trial. Neither he or Miss Sherwood are barred by the judgment as it stands. Neither are parties to it. The case is not one provided for or within section 1290 of the Code. The motion is not one to set aside a judgment "for error in fact not arising upon the trial," which is limited to two years from its recovery. An issue of fact not arising upon the trial is one which can be asserted by a party who avers infancy. (Graham's Pr., 932.) That the judgment thereby is bad although it appears good upon a trial of the issue as made. The section does not include other than parties. There can be no error in fact as to strangers. Even if Hurley or Miss Sherwood had been made defendants and had not been legally served with process, the judgment would not have concluded them in two years under this section. This would be no error in fact, but simply a failure to obtain jurisdiction over them. The attorney who purchased at the sale got no better right than his client had to give. What that was, a trial on the merits only can determine. The order should be affirmed, with costs and disbursements.

PRATT, J., concurred; DYKMAN, J., not sitting.

Order affirmed, with costs.